```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
RONALD PURDY, as personal representative :
of Sherry Purdy,                         :
                                         :
                    Plaintiff,           :    14 Civ. 3017 (JFK)
                                         :
    -against-                            :    **MEMORANDUM OPINION &**
                                         :    **ORDER**
MERCK & CO., INC.                        :
                                         :
                    Defendant.           :
-----------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-25-17

**JOHN F. KEENAN, United States District Judge:**

Plaintiff Ronald Purdy, as personal representative of Sherry Purdy, now deceased, brings this action seeking damages allegedly resulting from Ms. Purdy's use of the prescription drug Fosamax. Defendant Merck & Co., Inc. moves for dismissal, arguing that Plaintiff has failed to comply with the Court's <u>Lone Pine</u> order. For the reasons set forth below, the application is denied.

On April 4, 2016, this Court entered a <u>Lone Pine</u> order requiring Plaintiff to produce, among other things, a Rule 26(a)(2) expert report. The expert report was to be "signed and sworn to by a qualified physician or other medical expert" and was to include the following:

> a. The name, professional address, and curriculum vitae of the expert, including a list of all publications authored by the expert within the preceding ten years;

1

    b. A list of the Plaintiff's medical records reviewed by the expert prior to the preparation of the Expert Report, as well as copies of any such records not posted on the website of MRC, the vendor that has collected various medical records in this litigation and made those records available to plaintiffs pursuant to the terms of paragraph 5 of CMO 13;

    c. The dates during which the Plaintiff used Fosamax and references to the evidence relied upon to determine such use (either the actual pages or the Bates stamped numbers);

    d. The name(s) of the physician(s) who prescribed Fosamax to the Plaintiff;

    e. Whether the expert believes to a reasonable degree of medical certainty that Fosamax caused Plaintiff's alleged injury, and if so, the factual and medical/scientific bases for that opinion; and

    f. The date, at least by month and year, when the expert believes to a reasonable degree of medical certainty the Plaintiff first developed the injury alleged to have been caused by Fosamax.

(Case Management Order, Apr. 4, 2016, at 1-2, ECF No. 30. [hereinafter Lone Pine Order].) The deadline for Plaintiff to produce the required materials was June 3, 2016.

On June 1, 2016, Plaintiff's counsel produced an unsigned, electronic version of an expert report by Dr. Gourang Patel, a clinical pharmacist, pharmacologist/toxicologist, and Assistant Professor at RUSH University Medical Center. The e-mail attaching the report indicated that Plaintiff's counsel was working to obtain a signed and notarized copy of the report. On

2

June 8, 2016, Plaintiff's counsel produced the signed and notarized version.

On June 17, 2016, Merck submitted a letter to the Court arguing that Dr. Patel's report fails to comply with the requirements of the Lone Pine order and that, pursuant to that order, Plaintiff therefore had until July 5, 2016, to show cause why the complaint should not be dismissed with prejudice. Plaintiff submitted a response on July 1, 2016, attaching a revised report. Merck replied on July 12, 2016, arguing that the revised report did not cure the deficiencies and that Plaintiff's complaint should be dismissed with prejudice. Plaintiff responded with another letter on July 15, 2016.

In seeking dismissal, Merck points to three alleged deficiencies in Dr. Patel's revised report of July 1, 2016. First, Merck argues that the report is not "signed and sworn to by a qualified physician or other medical expert," (Lone Pine Order ¶ 2), because Dr. Patel has "no discernable expertise" relating to the subject matter of this case. Second, Merck contends that Dr. Patel fails to state whether he "believes to a reasonable degree of medical certainty that Fosamax caused Plaintiff's alleged injury, and if so, the factual and medical/scientific bases for that opinion." (Id. ¶ 2(e).) Third, Merck argues that the report fails to specify the date by

3

which Dr. Patel "believes to a reasonable degree of medical certainty that Plaintiff first developed the injury alleged to have been caused by Fosamax." (Id. ¶ 2(f).)

While the revised report is not a picture of clarity, the Court finds that it meets the essential requirements of the Lone Pine order. First, based on the information presented in the report, Dr. Patel is sufficiently qualified for Plaintiff to rely on his opinion at this stage. According to the revised report and attached curriculum vitae, Dr. Patel earned a Doctor of Pharmacy degree magna cum laude from St. Louis College of Pharmacy in 2001. (See Curriculum Vitae at 1.) He completed an internal medicine residency from 2001 to 2002, (id.), and currently serves as a practicing clinical pharmacist, pharmacologist/toxicologist, and Assistant Professor at RUSH University Medical Center. (Report at 1.) Further, in his report, Dr. Patel indicates that "ENT physician staff reach out to [him] regarding the medication history, exposure, and risk factors associated with BRONJ [bisphosphonate-related osteonecrosis of the jaw]." (Id.) Accordingly, the Court finds that Dr. Patel is sufficiently qualified for his report to advance the basic purpose of the Court's Lone Pine order—namely, "to identify and cull potentially meritless claims and streamline litigation in complex cases." Baker v. Chevron USA,

4

Inc., No. 105-CV-227, 2007 WL 315346, at *1 (S.D. Ohio Jan. 30, 2007).

Second, the report adequately sets forth Dr. Patel's opinion that Fosamax caused Ms. Purdy's alleged injury, as well as the factual and medical/scientific bases for that opinion. In the report, Dr. Patel describes the three criteria for a BRONJ diagnosis, explains why all three criteria are met, and concludes with his opinion "to a reasonable pharmacologic and scientific certainty that had [sic] Ms. Purdy developed bisphosphonate-related osteonecrosis of the jaw (BRONJ) secondary to exposure of alendronate (Fosamax)." (Report at 2.)

Finally, the report sufficiently identifies the date by which Ms. Purdy developed her alleged injuries. Dr. Patel states that the diagnosis of BRONJ was made by Ms. Purdy's oral surgeon in July 2013 at the Northwest Oral and Maxillofacial Surgery Center, and that records from that center "confirm the diagnosis of BRONJ." (Id.) The Court therefore understands Dr. Patel to opine that Ms. Purdy developed her alleged injuries by no later than July 2013.

Accordingly, Merck's motion to dismiss for failure to comply with the Court's April 4, 2016 Lone Pine order is denied.

The parties are directed to appear for a pretrial conference on February 7, 2017, at 2:45 P.M.

**SO ORDERED.**

Dated:   New York, New York
         January 25, 2017

*/s/ John F. Keenan*
Hon. John F. Keenan
United States District Judge